IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLISON CRAWFORD, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMMERCIAL INSURANCE.NET LLC d/b/a TIVLY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.  CIV-23-541-D<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Defendant Commercial Insurance.Net LLC d/b/a Tivly's Motion to Stay Proceedings Pending Settlement Negotiations [Doc. No. 20]. Plaintiff Allison Crawford has filed a response in opposition [Doc. No 21].

Tivly argues that a 90-day stay is appropriate because Defendant "is presently making immediate efforts to remediate the situation to the benefit of Tivly, Plaintiff, and any potential putative plaintiffs, and is committed to engaging in settlement discussions with the Plaintiff." *See* Def.'s Mot. to Stay [Doc. No. 20] at 1. Tivly requests that the Court enter the 90-day stay and strike Tivly's obligation to respond to Plaintiff's Motion for Conditional Collective Action Certification and Judicial Notice (Motion for Conditional Certification) [Doc. No. 15] while it explores early resolution of this matter.

Plaintiff, on the other hand, argues that a stay is unwarranted at this stage because, despite previously receiving an extension to respond to Plaintiff's Motion for Conditional Certification so that the parties could explore settlement, those settlement efforts were

unsuccessful. *See* Pl.'s Resp. [Doc. No. 21] at 2. Plaintiff, therefore, has decided to proceed with discovery and her request for notice to putative opt-in plaintiffs. *Id.* Plaintiff claims that discovery "of time and pay data is necessary for Plaintiffs to calculate alleged damages" and that discovery is anticipated on "issues of willfulness and good faith." *Id.*

Upon consideration, the Court agrees with Plaintiff that a stay of this case is unwarranted. As Plaintiff notes, if the case is stayed, she is forced to rely on Tivly's good-faith efforts to resolve this matter, which would involve informal exchange of data and other materials. Although the Court has no reason to doubt the veracity of Tivly's commitment to work in good faith toward resolving this matter, Plaintiff should not be left to rely solely on Tivly's representations. Plaintiff—as with any litigant—has a right to conduct formal discovery in accordance with appropriate rules and procedures. Further, as Plaintiff argues, much of the information exchanged during the formal discovery process is "necessary to have a productive settlement discussion and protect the rights of Plaintiffs and putative opt-ins." *See id.* at 4.

Although the Court will not stay the case at this time, it does recognize and appreciate the parties' willingness to explore early resolution of this matter.[1] To that end, the Court will allow Tivly an additional twenty-one (21) days from this Order to file its response to Plaintiff's Motion for Conditional Certification.

---

[1] The Court also recognizes Tivly's desire to resolve this matter before taking on the expense of responding to Plaintiff's Motion for Conditional Collective Acton Certification and Judicial Notice. However, that desire cannot interfere with Plaintiff's right to prosecute her case and receive a ruling on her Motion for Conditional Certification.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Proceedings Pending Settlement Negotiations [Doc. No. 20] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant shall file its response to Plaintiff's Motion for Conditional Certification within twenty-one (21) days of this Order.

**IT IS SO ORDERED** this 19th day of September, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge